**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Otis JACKSON, Defendant-Appellant.**

**No. 12469.**

Missouri Court of Appeals,
Southern District,
Division Three.

June 17, 1982.

Wesley D. Coleman, Asst. Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Presiding Judge.

Defendant Otis Jackson was tried and convicted of burglary in the first degree, robbery in the first degree, and assault in the first degree. He was also charged in the three-count information with being a persistent offender by reason of two prior felony convictions. Although the court found the defendant was a persistent offender, the sentences of seven, fifteen and thirty years were in accord with the jury's assessment of punishment but the trial judge ordered the sentences to be served consecutively. Defendant's sole point is that the court erred in admitting into evi-

dence a tape cassette which was in a radio-cassette player and taken from the victim of the multiple crimes. Defendant avers the State's evidence failed to connect him to the cassette. We affirm.

Defendant does not question the sufficiency of the evidence to support the verdicts of the jury. Briefly, the jury could find that the defendant forced his way into the residence of 79-year-old Hattie Medcalf, a widow, and at knife point took various items of personal property from her, and then strangled, beat and stabbed her. One of the items taken was the radio-cassette player. Defendant was seen carrying a similar radio shortly after the crimes. About an hour later, as officers approached him they saw him hand the radio-cassette player to his girl friend. Mrs. Medcalf's son had given her the radio-cassette player and had recorded a French titled classical music record on a cassette. The cassette bore his handwriting and he had given it to his mother. Officers recovered the radio-cassette player and cassette from defendant's female friend and both the player and the cassette were identified by Mrs. Medcalf and her son. They testified at length, on direct and cross-examination, without objection of any kind, concerning the cassette and it was displayed to the jury during the course of their testimony. It was, therefore, actually in evidence, though not formally introduced. *State v. Robinson*, 325 S.W.2d 465 (Mo.1959); *State v. Johnson*, 566 S.W.2d 510 (Mo.App.1978). It was only at the close of the State's case, when the cassette was formally offered as an exhibit, that defendant objected "... it, like the tape player, was taken from Miss Taylor [the girl friend], a woman who received this tape player from Otis Jackson, and we feel that that taking was in violation of the Defendant's constitutional rights against unreasonable searches and seizures."

 The testimony of the elderly victim and her son, and the concession by the defendant as to his and his girl friend's possession of the cassette, sufficiently linked and connected the cassette to the stolen radio-cassette player and the cassette

was relevant and probative to the defendant's identity as perpetrator of the crimes charged.

 Aside from the foregoing, there is a more fundamental reason for denying the point asserted by the defendant. His belated objection to the cassette was directed to alleged constitutional violations. The stated objection was carried forward in his motion for a new trial. Now, on appeal, he seeks to broaden the scope of his objection, or, more to the point, change it completely. *A point raised on appeal as to the admissibility of evidence must be based on the same theory of the objection made at trial.* *State v. Hindman*, 543 S.W.2d 278, 279 (Mo. App.1976).

The judgment is affirmed.

MAUS, C. J., and FLANIGAN and PREWITT, JJ., concur.